UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LISA ANN DUGAN,<br><br>                      Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE, Commissioner of<br>Social Security Administration,<br><br>                      Defendant. | CASE NO. C09-5321FDB<br><br>REPORT AND RECOMMENDATION<br><br>Noted for March 12, 2010 |

This matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). This matter has been briefed. Oral argument was considered on February 9, 2010. After considering the argument and reviewing the record, the undersigned recommends that the Court remand the matter to the administration for further consideration.

REPORT AND RECOMMENDATION - 1

## INTRODUCTION AND PROCEDURAL HISTORY

According to plaintiff's treating physician, who has seen her almost monthly for fifteen years, plaintiff's chemotherapy treatments result in plaintiff being incapable of performing even sedentary work three or more days per month. The undersigned finds that the ALJ erred in his evaluation of the treating physician Dr. Blau's opinion and erred in evaluating plaintiff's credibility. Because the medical evidence is still in dispute, the matter should be remanded for further consideration.

Plaintiff Lisa Dugan was born in 1973. Tr. 175. Plaintiff attended high school through the 11th grade and subsequently obtained a GED. Tr. 37. After high school she took classes in tourism and went to work for a travel business. Id. Plaintiff also has past work experience as an administrative assistant and waitress. Tr. 38-39.

In October 2005, plaintiff had surgery for what was thought to be a ruptured appendix. Tr. 18. Surgery revealed a ruptured tumor and plaintiff was diagnosed with gastrointestinal stromal tumor. Tr. 35. The tumor was removed and plaintiff was placed on chemotherapy. Tr. 18. She alleges an inability to work due to side effects of the medication (Gleevec), including night sweats, vomiting, swelling, fatigue, and headaches. Tr. 45. Plaintiff filed applications for disability insurance benefits and supplemental security income in February 2006, alleging disability since October 7, 2005. Tr. 106, 109. Her applications were denied initially and upon reconsideration. Tr. 74, 81. On August 12, 2008, the administrative law judge (ALJ) convened a hearing. Tr. 31-69. The ALJ heard testimony from plaintiff, from her brother, and a vocational expert. Tr. 31.

On September 23, 2008, the ALJ issued a written decision, finding that plaintiff was not disabled or entitled to any social security benefits. Tr. 16-25. The ALJ found that plaintiff

suffered from severe impairments caused by gastrointestinal stromal tumor. Tr. 18. However, the ALJ found that plaintiff's impairments did not cause total disability. The ALJ explained that plaintiff retained the ability to perform a full range of sedentary work. Tr. 19-23. Relying on the vocational expert testimony, the ALJ found that plaintiff could perform work as a document preparer, addresser, or final assembler. Tr. 23-24.

After receiving the ALJ's decision, plaintiff filed a request for review of the decision with the Administration's Appeals Council, and the Appeals Council denied the request for review, making the ALJ's decision the final administrative decision. Tr. 1-5; 20 C.F.R. §§ 404.981, 416.1481, 422.210.

Plaintiff now seeks judicial review of the ALJ's decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). Plaintiff filed her complaint with the court on June 4, 2009. Plaintiff argues: (i) the ALJ allegedly erred when he rejected the treating oncologist's opinion that plaintiff's impairments would cause her to miss three or more days of work per month; (ii) the ALJ allegedly erred when he rejected Dr. Kaler's opinion that plaintiff could not perform even sedentary work on a sustained basis; (iii) the ALJ allegedly erred when he rejected plaintiff's testimony regarding her symptoms; and (iv) the ALJ allegedly failed to provide specific and germane reason for rejecting plaintiff's brother's testimony. Plaintiff's Opening Brief, (Doc. 12).

After reviewing the matter, the undersigned finds that the ALJ failed to properly consider the medical evidence and failed to properly consider plaintiff's credibility. The matter should be remanded to the administration for further consideration.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 201 (1971); Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir.1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. Id.

Plaintiff bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Plaintiff is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

## **DISCUSSION**

**1.**   ***The ALJ Failed To Properly Consider The Opinion of Plaintiff's treating physician Dr. Blau .***

The ALJ is entitled to resolve conflicts in the medical evidence. Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). He may not, however, substitute his own opinion for that of qualified medical experts. Walden v. Schweiker, 672 F.2d 835, 839 (11th Cir. 1982).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir.1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31. However, the ALJ "need not discuss all evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir.1984) (citation omitted). The ALJ must only explain why "significant probative evidence has been rejected." Id.

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. Lester, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1195 (9th Cir.2004); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir.2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir.2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31. A nonexamining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

REPORT AND RECOMMENDATION - 5

Following her surgery at the Good Samaritan Hospital, which revealed and resulted in the removal of an intestinal tumor, plaintiff has been treated by Dr. Blau. Dr. Blau is an oncologist, working at Rainier Oncology in Puyallup. Plaintiff was been seen regularly -- almost once a month -- by Dr. Blau since October 27, 1995. Tr. 243-61; 396-404. Suffice it to say, she is very familiar with plaintiff's condition.

On December 15, 2005, Dr. Blau completed a physical evaluation for the Department of Social and Health Services. Tr. 214-17. Dr. Blau reported that plaintiff was experiencing "painful and distending cramping" and that the tumor has caused marked limitations in her ability to perform basic work-related activities. Tr. 215-16. Dr. Blau explained that plaintiff was "severely limited" and that the chemotherapy caused nausea, anemia, and general malaise. Tr. 216. Plaintiff's limitations were expected to last at least twelve months. Tr. 217.

In August 2008, in response to a questionnaire sent by plaintiff's counsel, Dr. Blau stated that she believed plaintiff would be able to work. Tr. 385, but that plaintiff would also be absent from work on 3 or more days per month, Tr. 387.

The ALJ discussed Dr. Blau's earlier assessment in his opinion, stating that he "declined to apply this opinion to [his] evaluation of the claimant's longitudinal residual functional capacity, as the opinion was given just 2 months after the resection of the claimant's gastrointestinal tumor." Tr. 22. Significantly, the ALJ did not discuss or evaluate Dr. Blau's later opinion provided to plaintiff's counsel, which confirmed her earlier opinion.

Defendant argues that this was harmless error, but the undersigned disagrees. Dr. Blau's opinion, particularly due to the fact that she is the only treating source who has seen plaintiff over the time of her chemotherapy treatment, is significant and probative. An ALJ has an obligation to explain why significant probative evidence has been rejected. Vincent v. Heckler,

REPORT AND RECOMMENDATION - 6

739 F.2d 1393, 1394-95 (9th Cir.1984). When the probative evidence takes the form of a treating physician's contradicted medical findings, an ALJ must articulate specific and legitimate reasons for the rejection. Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir.2008). In light of these standards, the ALJ's failure to mention Dr. Blau's opinions made in response to counsel's questionnaire was erroneous.

## 2. *The ALJ Erred When He Assessed Plaintiff's Credibility*

Credibility determinations are particularly within the province of the ALJ. Andrews, 53 F.3d at 1043. Nevertheless, when an ALJ discredits a claimant's subjective symptom testimony, he must articulate specific and adequate reasons for doing so. Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir.2006). The determination of whether to accept a claimant's subjective symptom testimony requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996). First, the ALJ must determine whether there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); Smolen, 80 F.3d at 1281-82. Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms solely because they are unsupported by objective medical evidence. Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir.1991) (*en banc*). Absent affirmative evidence that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony. Smolen, 80 F.3d at 1284; Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998).

An ALJ is not "required to believe every allegation of disabling pain" or other non-exertional impairment. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir.1989). When evaluating a claimant's credibility, however, the ALJ "must specifically identify what testimony is not

REPORT AND RECOMMENDATION - 7

credible and what evidence undermines the claimant's complaints." Greger, 464 F.3d at 972 (internal quotation omitted). General findings are insufficient. Smolen, 80 F.3d at 1284; Reddick, 157 F.3d at 722. The ALJ may consider "ordinary techniques of credibility evaluation," including the claimant's reputation for truthfulness, inconsistencies in testimony or between her testimony and conduct, daily activities, work record, and the testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which she complains. Smolen, 80 F.3d at 1284.

Here, the ALJ provided several reasons to reject or limit plaintiff's allegations regarding the severity of her impairments. However, upon close inspection, all but one of those reasons is not properly supported. For instance, the ALJ stated that plaintiff's testimony was not credible because of her noncompliance with her chemotherapy medication and her failure to stop smoking. Tr. 21. The undersigned finds no relationship between plaintiff's credibility and plaintiff's failure to take the medication, (the same medication that causes the nausea, vomiting, and fatigue alleged), or to stop smoking, (despite Dr. Blau's reports that she was working on quitting the habit, Tr. 247)..

Moreover, the ALJ noted plaintiff's desire to take a trip to California and Florida as a reason to question plaintiff's sincerity. Tr. 21. However, the ALJ fails to note that the trip to California included two trips to the emergency room for nausea and vomiting and hospitalization, Tr. 375.

In sum, the majority of the ALJ's reasons for rejecting plaintiff's allegations regarding the severity of her limitations are not properly supported by substantial evidence in the record.

### 3. Remand for Further Consideration, Rather Than Reversal for an Award of Benefits, is Appropriate

The decision regarding whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court. Swenson v. Sullivan, 876 F.2d 683, 689 (9th Cir.1989) (*citing* Varney v. Secretary of HHS, 859 F.2d 1396, 1399 (9th Cir. 1988). In Varney, the Ninth Circuit held that in cases where the record is fully developed, a remand for further proceedings is unnecessary. Varney, 859 F.2d at 1401. *See also* Reddick v. Chater, 157 F.3d 715, 728-30 (9th Cir. 1998)(case not remanded for further proceedings because it was clear from the record claimant was entitled to benefits); Swenson, 876 F.2d at 689 (directing an award of benefits where no useful purpose would be served by further proceedings); Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir.1989)(same); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir.1987)(accepting uncontradicted testimony as true and awarding benefits where the ALJ failed to provide clear and convincing reasons for discounting the opinion of claimant's treating physician).

Here, without the court reweighing and making its own findings, it is unclear whether or not plaintiff would be determined to be disabled. As noted above Dr. Blau noted in one instance that plaintiff would have been able to work, performing sedentary, light or medium level work. Tr. 385. Dr Blau's does not limit the time period. For instance, it may be possible to interpret Dr. Blau's statement that plaintiff would have missed three or more days of work per month, particularly in the earlier stages of chemotherapy treatment, but that at some point Dr. Blau believed plaintiff was able to work on a full time, sustained basis. It is not within the court's power to develop or reweigh this evidence in light of the other medical evidence in the record.

REPORT AND RECOMMENDATION - 9

Accordingly, it is more appropriate to remand the matter to the administration for further consideration, rather than to reverse the decision and direct an award of benefits as suggested by plaintiff.

## **CONCLUSION**

Based on the foregoing discussion, the Court should remand the matter to the administration for further consideration. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on March 12, 2010, as noted in the caption.

DATED this 17th day of February, 2010.

*/s/ J. Richard Creatura*

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10